## THE BARNSTABLE.

(Circuit Court of Appeals, First Circuit. May 11, 1899.)

No. 249.

SHIPPING—CONSTRUCTION OF CHARTER-PARTY—RISK OF COLLISION.

A provision of a charter party that "the owners shall pay for insurance on the vessel," to be given any effect as between the parties, must be construed as requiring the owners to insure against all such losses as would otherwise fall on the charterer; and, where the owners failed to procure insurance, they made themselves insurers, and cannot cast upon the charterer the burden of paying damages recovered against the vessel for collision, against which they might have insured.

Appeal from the District Court of the United States for the District of Massachusetts.

J. Parker Kirlin, for appellant.
Charles T. Russell, for appellee.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

WEBB, District Judge. Little need be added to the careful opinion of the district judge in this case (84 Fed. 895), which is a case of contract between the owners and the charterers of the steamship Barnstable. There can be no controversy as to the terms of the charter, for it is in writing and is in evidence. The difference relates to the twenty-second article of the charter, which is in these terms: "The owners shall pay for the insurance on the vessel." What are the obligations imposed by this provision of the contract?

In argument there has been some discussion concerning the mutual relations, under the charter, between the parties. The owners contend that the charterers were bailees, and held to all the liability of bailees, and this contention the charterers controvert. We do not think that the determination of that question will aid in the decision of the case; for whether or not, in the full and strict sense, the charterers were bailees, they would be, independently of this insurance clause, chargeable with some of the risks of the ship, while the owners would bear others. Assumption by the owners of insurance against risks affecting themselves alone would be of no advantage to the charterers, who would, in no event, be answerable for losses arising from such risks, and had no interest in insurance against such losses. The insertion of this clause in the charter has no meaning unless it be to make such insurance as would profit the charterers, which could only be effected by insurance against losses which would fall upon them, against all risks attaching to them. This insurance clause must have been intended for their protection, and could have been understood by them in no other way, and the agreement of the owners was not to partially, but wholly, protect them, and to relieve them of the expense of insuring themselves. In effect, it said to the charterers: "Your only responsibility will be to pay the hire of

the ship; all other things shall be our care and at our charge." If, having so agreed, they chose to take the hazard of loss, and to save the cost of a policy, they made themselves insurers, and, after the loss, cannot throw it upon the charterers. The decree of the district court is affirmed, with interest, and the costs of this court are adjudged to the Boston Fruit Company, appellee.